IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KATHERINE GRIFFIN,**

    **Plaintiff,**

v.                                             Case No. 4:19cv497-WS/MAF

**ANDREW SAUL,**
**Commission of Social Security,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

THIS ACTION was initiated under the Social Security Act to obtain judicial review of Defendant's final decision denying Plaintiff's claim for disability benefits. ECF No. 1. Now before the Court is Plaintiff's Motion to Remand pursuant to sentence six of Title 42 U.S.C. § 405(g). ECF No. 21. Defendant has filed a response thereto. ECF No. 26.

A remand under sentence six is appropriate when there is new, noncumulative evidence that is material and there is good cause for the failure to submit the evidence at the administrative level. A remand pursuant to sentence six is appropriate here under the particular facts presented.

Here, Plaintiff has demonstrated, at least arguably, that she requested, by letter dated January 10, 2018, a supplemental proceeding to consider a proffer of

evidence submitted by the ALJ post hearing.  That letter, for some unknown reason, was not received or acknowledged by the Appeals council.  As confirmed by Defendant's response to the Motion for Remand, (ECF No. 26, p. 2, fn 1) had Plaintiff's request for a supplemental hearing been received, the request for a supplemental hearing would have been granted.  Thus, there is no question that Plaintiff was entitled to an additional opportunity to present argument and evidence; the only question is whether in fact Plaintiff requested the opportunity to do so.  Based on the sworn materials submitted by Plaintiff, the Court finds that she intended to request a supplemental hearing, and that she in fact submitted a request for such a hearing.

The fact that no supplemental hearing was held is certainly a "fact" which Plaintiff should have known prior to filing her Complaint here.  Failing to raise that issue immediately has delayed the resolution of this matter.  But that delay should not prevent Plaintiff from presenting all evidence which is appropriate to resolve this case on its merits.  Whenever possible, cases should be decided on their merits, not on the basis of procedural defaults or other technical failures.  The Court has no idea, at this point, what evidence would be presented by Plaintiff below to refute or attack the proffer accepted by the ALJ.  However, at the very least, those additional opinions should be subjected to the crucible of cross examination; they should not simply be accepted as truth.  Thus, even if the supplemental proceeding

below would have only provided Plaintiff with the opportunity to question and challenge the proffered opinion, such efforts may reasonably produce evidence which is material to the resolution of this case which was not previously presented below despite Plaintiff's reasonable steps to invoke the right to do so.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's Motion to Remand (ECF No. 21) be **GRANTED**, and this case be remanded to the Commissioner for further proceedings.

2. That this case be **REMANDED** to the Commissioner of Social Security pursuant to sentence six of 42 U.S.C. § 405(g).

3. That Defendant be ordered to conduct proceedings in accordance with this Report and Recommendation.

4. This file shall remain open and the Court shall maintain jurisdiction over this cause for further proceedings, should they be deemed necessary by either party.

5. The parties shall file status reports every 120 days to inform the Court of the status of proceedings below. If this matter is resolved by final decision or agreement of the parties the parties shall advise the Court immediately.

**DONE AND ORDERED** on April 14, 2020.

s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**