IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KATHERINE GRIFFIN,

    Plaintiff,

vs.                                        CASE NO. 4:19-CV-00497-WS-MAF

ANDREW W. SAUL, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon the Commissioner's filing a "Consent Motion to Reopen and Affirm Commissioner's Decision and for Entry of Judgment Under Rule 58 of the Federal Rules of Civil Procedure," which is accompanied by a memorandum and a fully favorable decision entered by the administrative law judge (ALJ), Steven D. Slahta. ECF Nos. 33, 33-1. Plaintiff initiated this action under the Social Security Act to obtain judicial review of the Commissioner's final decision originally denying her claim for disability benefits. ECF No. 1.

I.   **Procedural History**

On May 14, 2020, the Court remanded the case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g):

> [t]he court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .

ECF No. 28. Accordingly, the Court retained jurisdiction over this case. See Shalala v. Schaefer, 509 U.S. 292, 297-98 (1993).

On January 8, 2021, pursuant to this Court's remand, the ALJ conducted a telephonic hearing agreed to by the parties. ECF No. 33-1. After considering Plaintiff's record in its entirety, on January 28, 2021, the ALJ issued a fully favorable decision:

1. Plaintiff's "date last insured is December 31, 2017;"

2. Plaintiff "has not engaged in substantial gainful activity since April 1, 2012, the alleged onset date;"

3. Plaintiff "has the following severe impairments: anxiety disorder; post-traumatic stress disorder . . .; depressive disorder; bipolar disorder; attention deficit hyperactivity disorder; Lyme disease; Wilms' tumor, status post nephrectomy and lobectomy;"

4. "The severity of the [Plaintiff's] impairments meets the criteria of section 12.06, *Anxiety and obsessive-compulsive disorders*, of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 416.952;"

5. Plaintiff "has been under a disability as defined in the Social Security Act since April 1, 2012, the alleged onset date of disability;" and

    6. Plaintiff's "substance abuse is not a contributing factor material to the determination of disability."

ECF No. 33-1, pp. 5-10. The ALJ determined that, "for a period of disability and disability insurance benefits" Plaintiff "has been disabled under sections 216(i) and 223(d) of the Social Security Act since April 1, 2012." Id., p. 10. In addition, "based on the application for supplemental security income," Plaintiff "has been disabled under section 1614(a)(3)(A) since April 1, 2012." Id.

    The Commissioner provided the Court a status report on the matter, ECF No. 32, followed by the instant motion to reopen the case and affirm the decision, ECF No. 33. Plaintiff does not object. Id.

    Accordingly, Plaintiff has received the relief she sought in this case.

## II. Conclusion

    For the reasons stated above, it is respectfully RECOMMENDED that the motion to reopen the case be **GRANTED** and the decision of the Commissioner to grant Plaintiff's application for Social Security disability benefits be **AFFIRMED**. It is further recommended the Court direct the Clerk to enter final judgment for the Plaintiff and to close the case.

    IN CHAMBERS at Tallahassee, Florida, on June 4, 2021.

                            s/ Martin A. Fitzpatrick
                            **MARTIN A. FITZPATRICK**
                            **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).